No. 4225

Second Circuit

JETER v. ARCHER ET AL.

(January 14, 1932.   Opinion and Decree.)

Modisette, Irion, Comegys & Switzer, of Shreveport, attorneys for plaintiff, appellant.

Hugh M. Wilkinson and Fred W. Oser, of New Orleans, attorneys for defendants, appellees.

McGREGOR, J. Plaintiff sues the two defendants for alleged damages growing out of. a collision between an automobile in which she was riding as a guest and a parked truck belonging to Mrs. J. H. Archer, one of the defendants, and in the custody of Huey Calhoun, the other defendant. Plaintiff alleges that on the eleventh day of October, 1930, at about 7:45 o'clock p. m., she was riding in a Chrysler sedan driven by one Will · Miller on the Shreveport-Monroe highway traveling east; that when the car in which she was riding reached a point approximately three-quarters of a mile east of the town of Calhoun on said highway, in the parish of Ouachita, it crashed into the rear end of a truck belonging to and owned by the defendant Mrs. J. H. Archer; that the defendant Huey Calhoun, while in the employ of Mrs. Archer, and while performing service for her in the regular course of his employment, left the said truck standing on the right side of the highway, facing east, without any lights thereon and unattended; that the headlights of the car in which she was riding were in good condition and shining; but that the driver of the said car did not see defendant's truck in time to avoid running into it for the reason that there was no rear light on the truck, and for the further reason that there was another car coming from the east with bright lights that partially blinded him. It is further alleged that as a result of the collision the plaintiff suffered injuries, for which she seeks to recover damages from the two defendants in the sum of $12,800. When the sedan ran into the rear of the parked truck, it knocked it several feet off the road into a ditch on the same side that it was parked. The body of the truck was a total wreck, while the right side of the sedan was considerably battered. Neither plaintiff nor her companion were thrown from the car. The driver, practically uninjured, brought the car to a standstill on the highway at a point practically even with where the truck stopped in the ditch. Plaintiff was knocked unconscious. A veterinary surgeon happened on the scene of the accident almost instantly, and administered first aid. She was then taken to a sanitarium in Monroe by the driver of the sedan, as no damage was done to it of a sufficient nature to prevent him from driving it. At the sanitarium, plaintiff recovered consciousness in a few minutes, and was then carried to the home of a friend. The next day the two returned to Shreveport, the home of both.

The answer of the defendants admits the fact of the collision, the ownership of the truck by the defendant Mrs. J. H. Archer, and its operation by the defendant Huey Calhoun. It denies generally any negligence on the part of either defendant, and particularly that at the time of the collision the rear light of the truck was not burning and plainly visible. It also denies that at the time of the collision the defendant Huey Calhoun was engaged in any service for, or performing any duties in the course of any employment by, the defendant, Mrs. Archer. It is specially alleged that the collision was caused primarily by the negligence of the driver of

the sedan, in that he was traveling at an excessive rate of speed, approximately fifty-five miles per hour, and that he not only was not keeping a proper lookout, but was also under the influence of whisky; that the reckless manner in which the machine was being driven and the fact that the driver was under the influence of whisky were matters of continuous nature and were bound to have been observed by, and known to, the plaintiff; and that therefore she was guilty of contributory negligence imputed to her from the continuing and visible conduct of the said driver, against which it was her duty to protest. It is specially alleged that the truck was parked temporarily on the extreme right side of the highway by the defendant Huey Calhoun, and that lights were burning on both the front and rear.

At the trial in the lower court, there was judgment in favor of the defendants rejecting the demands of the plaintiff, and, from that judgment, the plaintiff is prosecuting this appeal.

### OPINION

The lower court found from the evidence that the plaintiff had not discharged the burden of proof with reference to her allegation that defendant's truck was left unattended and parked on the side of the highway with no rear light burning, as required by law. The entire case hinges upon this question of fact. This court is always unwilling to reverse the lower court on questions of fact alone, unless we find manifest error in its holding.

On the occasion of this collision, the defendant, Mrs. Archer, was confined in the sanitarium in the city of Monroe. When she left her home in Calhoun to go to the sanitarium, she left her truck in the care and custody of the defendant, Huey Cal-houn. He used it for pleasure at nights instead of an automobile. On this particular night there was an entertainment at the nearby town, Tremont, and young Calhoun had an engagement with a daughter of J. L. Mays to take her there in this truck. Mays lives about three-quarters of a mile east of the town of Calhoun, on the south side of the highway, about twenty or thirty feet from the edge of the road. As Calhoun reached a point even with Mays' home, he pulled his truck as far to the right as he could, so that only the left rear wheel was on the concrete pavement, a few inches from the south side. He states positively that when he was driving along the road his lights were burning and that he turned the dim lights on when he came to a stop; that the rear light, being on the same switch, remained burning all the time. He testifies positively that he observed this rear light as he left the truck to go into the house to get his young lady friend, who was expecting him and who met him on the front porch. Miss Mays testifies that she could see from her house that the front lights and the dash light were burning. From the position in which the truck was parked, she could not see the rear light.

Before Calhoun had been seated in the house a car was heard by all the occupants of the home, coming at a very rapid rate from the west. When within about thirty feet of the truck, the driver applied his brakes, but did not stop until he had run into the rear of the truck and knocked it off the road several feet and demolished the body. It is the testimony of both the driver of the car and the plaintiff that neither of them saw the truck before they were within a few feet of it, too late to avert the collision. Plaintiff says there was no rear light on the truck, but her

companion, the driver of the car, was unwilling to say that there was not. When the truck came to a standstill after being knocked from the road, the headlights were still burning, while the rear light was demolished.

Not only has the plaintiff failed to prove that the rear light of the truck was not burning, but the preponderance of the testimony shows that it was. It is conclusively shown that Calhoun was doing nothing for Mrs. Archer in the course of his employment at the time of the collision, so she cannot be held liable for plaintiff's injuries under any theory of the case. Defendant Calhoun had a perfect right to park his car on the extreme right side of the road in the way that he did; he pulled over on the dirt shoulder so far that only the left rear wheel was just a few inches over on the concrete pavement. He set his emergency brake and left his parking lights, both front and rear, burning. He was guilty of no negligence, and plaintiff cannot therefore recover damages from him for her injuries, and the lower court was right in so holding.

The record in the case is rather voluminous. There was a great deal of testimony introduced relative to the alleged negligence of the driver of the sedan and the imputation of this negligence to the plaintiff. But since we find that neither of the defendants was guilty of any negligence and, that therefore neither of them is liable for plaintiff's injuries, it is not necessary to examine or to decide those questions. Neither is it necessary to discuss or determine the nature or extent of plaintiff's injuries.

For the reasons assigned, the judgment appealed from is affirmed, and it is ordered that the costs of both courts be paid by the plaintiff.